**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| SHARON GREER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:18-CV-112-MSH |
| | : | Social Security Appeal |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's application for disability insurance benefits, finding that she is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2] The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A plaintiff seeking Social

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

Security disability benefits must demonstrate that she suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the plaintiff is working. *Id.* If not, the Commissioner determines whether the plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth, and finally, the Commissioner determines whether the plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Sharon Greer applied for disability insurance benefits on July 31, 2014, alleging disability beginning May 26, 2010. Her claim was denied initially on February 13, 2015, and on reconsideration on November 30, 2015. She timely requested an evidentiary hearing before an ALJ on January 4, 2016, and the hearing was held on July 27, 2017. Plaintiff appeared at the hearing with her attorney and testified, as did an impartial vocational expert ("VE"). Tr. 12. On September 18, 2017, the ALJ issued an unfavorable decision denying her application. Tr. 9-28. Plaintiff sought Appeals Council review but was denied on June 22, 2018. Tr. 1-5. Having exhausted the administrative remedies available to her under the Social Security Act, she now seeks judicial review of the Commissioner's final decision denying her disability insurance benefits.

## STATEMENT OF FACTS AND EVIDENCE

Plaintiff was fifty years of age the day the ALJ issued his decision. She has a ninth-grade education and past relevant work as a hand packager, server, and home health aide. Findings 6, 7, 8, Tr. 21. In conducting the five-step sequential analysis of her claim as mandated by the Commissioner's regulations, the ALJ found Plaintiff, at step two, to have severe impairments of degenerative disc disease, obesity, and affective disorder. Finding 3, Tr. 14-16. He determined, at step three, that these impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 16-19. Between steps three and four, the ALJ assessed Plaintiff to have the residual functional capacity ("RFC") to engage in sedentary work with added exertional and non-exertional limitations. Finding

5, Tr. 19-21. At step four, the ALJ determined that this restricted RFC prevents Plaintiff from engaging in any of her past relevant work. Finding 6, Tr. 21. He then elicited testimony from the VE, at step five, that Plaintiff can work as an addresser, order clerk, or document preparer and that these jobs are available to her in the national economy. Finding 10, Tr. 22. Therefore, he found her to be not disabled to work. Finding 11, Tr. 23.

## DISCUSSION

Plaintiff asserts two errors in her brief before the Court. First, she alleges the ALJ's determination, at step five, that there are certain jobs available to her in the national economy which she can perform within her restricted RFC, is unsupported by substantial evidence because the ALJ failed to ask the VE whether the VE's testimony identifying those specific jobs was consistent with the Dictionary of Occupational Titles ("DOT"). Pl.'s Br. 1, 6-9, ECF No. 11. Second, Plaintiff contends that the ALJ assigned great weight to an examining psychologist, but failed to include the limitations the psychologist found Plaintiff to have without sufficient reason. Pl.'s Br. 1, 10-13. The Commissioner responds that the ALJ's step-five findings are supported by substantial evidence and that the ALJ properly evaluated the opinion evidence. Comm'r's Br. at 1, 3-10. Because the Court finds Plaintiff's first assertion of error requires remand, only that issue is considered here.

When a claimant proves she has an impairment, or combination of impairments, which prevents her from resuming past relevant work, the burden shifts to the Commissioner to "show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir. 1987). However, this shift at step five is temporary and the overall burden

of "demonstrating a disability as defined by the Social Security Act unquestionably rests with the claimant." *Doughty v. Apfel,* 245 F.3d 1274, 1280 (11th Cir. 2001).

The Commissioner's regulations establish how an ALJ is to determine whether other work is available to a given claimant at step-five. *See* 20 C.F.R. § 416.966. When it is determined that "unskilled, sedentary, light, and medium jobs exist in the national economy" an ALJ will then take administrative notice of reliable job information found in governmental and other publications including the DOT—a publication of the United States Department of Labor. *Id.* at § 416.966(d). Also, an ALJ can use the services of a VE or other specialist in making their step-five finding. *Id.* at § 416.966(e).

How those two sources of evidence are considered, and any conflict between them reconciled, is established in Social Security Ruling 00-04p. SSR 00-4P, 2000 WL 1898704 (Dec. 4, 2000). An ALJ has a "robust duty" to independently identify and resolve any conflicts between a VE's testimony and the DOT. *Washington v. Comm'r of Soc. Sec.,* 906 F.3d 1353, 1361-62 (11th Cir. 2018). Further, the ALJ is under an "affirmative responsibility" to ask the VE whether there is a "possible conflict" and must "obtain a reasonable explanation" for any apparent conflict. *Id.* at 1363 (citing *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008)).

A review of the transcript here shows that the ALJ never asked the VE whether there was a conflict between her testimony and the DOT even though he stated in his written decision that "pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." Tr. 22. If the ALJ found the VE's testimony to be consistent with

6

the DOT via means other than asking the VE about any conflict, it is not clear in the record. That evidentiary absence precludes the Court from conducting meaningful judicial review of the Commissioner's decision because the Court is unable to determine whether the ALJ fulfilled his "duty-to-identify" whether there is a conflict between the VE's testimony and the DOT. *See Washington* 906 F.3d at 1365-66. Therefore, remand is required.

## CONCLUSION

For the reasons explained above, this case is remanded for further administrative proceedings consistent with this opinion.

SO ORDERED, this 18th day of March, 2019.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE